*180 OPINION OF THE COURT
Edward J. Greenfield, J.
This memorandum is issued in explanation of the judgment for the plaintiff which is settled herewith.
After a jury trial, a verdict was rendered on May 13, 1994 awarding plaintiff $1,663,244.81 for past damages, $3,982,900 for further medical hospital and nursing expenses to be incurred over 24 years, and $4 million for future pain, suffering, disability and loss of enjoyment of life.
Defendants moved to set aside the verdict, and the court, while denying the motion insofar as it contended the plaintiff had a duty to act to mitigate damages in ways contrary to her religious beliefs (167 Misc 2d 312), did find the verdict for pain and suffering excessive, reducing past pain and suffering to $1 million and the award for future pain and suffering to $2,750,000, which amounts were stipulated to as acceptable by plaintiff.
CPLR article 50-B requires that the court enter judgment for any future damages (in excess of $250,000 awarded by the jury) in an amount of the present value of an annuity contract which will pay the future damages in periodic installments for 10 years for pain and suffering or the number of years determined by the trier of fact, whichever is less, and the actual number of years for the balance.
The proposed judgment submitted for settlement by the plaintiff calls for a lump-sum payment to plaintiff of $1,413,245 plus interest for past damages, a further sum of $430,243 out of the future damages award representing the proportion of damages accrued since the date of the verdict, and $3,316,283 as the present value of the remaining future damages (after deducting $250,000 and attorney’s fees) sufficient to purchase an annuity to produce installment payments for pain and suffering for another 81/2 years, and installment payments for future expenses for another 221/2 years.
Defendants have objected to the judgment carving out from the future damages the sum representing the time which has passed since the jury rendered its verdict. They contend the judgment must speak prospectively as to all future damages awarded.
The court disagrees. The jury verdict spoke of future damages from "today” (May 13, 1994) and, but for the intervening disputes, judgment would have been entered shortly thereafter, and plaintiff by now would have received 18 installment payments. Thus far she has received none.
*181 The notion that the judgment must speak prospectively is contrary to CPLR 5041 (e) which calls for the payment of the "remaining future damages” (emphasis added) over the period of time.
There is no basis in law or logic to support the contention that the period over which future damages is to be paid would be extended for the additional period of time from date of verdict to entry of judgment, which in this action would make pain and suffering damages payable over almost 12 years instead of 10. Other future damages would be payable over almost 26 years instead of 24 years as determined by the trier of fact.
Since CPLR 5045 (a) provides for cessation of periodic payments not yet due upon the death of the plaintiff, not accounting for the additional period between verdict and judgment would increase the time plaintiff must survive in order to obtain the maximum verdict found as future damages by the trier of fact. This is significantly prejudicial to an elderly plaintiff. Nothing in article 50-B indicates that the Legislature ever intended such prejudice to be inflicted upon a plaintiff.
Since the plaintiff’s future pain and suffering and other verdict items, such as medical costs, hospital expenses, home care, etc., all continue during the period from verdict to entry of judgment, it is clear that the damages are to be paid commencing from the date of verdict. The very words of the statute that the judgment shall direct the purchase of an annuity "for the payment of the annual payments of such remaining future damages” (CPLR 5041 [e] [emphasis added]) contemplate that some of the items of future damages accrued between verdict and entry of judgment are to be paid at the time of entry of judgment or there would be no significance to the words "remaining future damages”.
The argument by defendants that this would permit a double recovery by plaintiff is fallacious, since the term of the annuity to be purchased by the defendants will be decreased by that period of time for which past due future damages have been paid as a lump-sum award in the judgment.
In this case particularly, where the plaintiff faces the prospect of years of appeals on constitutional questions of first impression, it would be manifestly unfair to defer even the *182 initial payment for additional years. The "future” means from now on, and the judgment cannot be distorted to provide that the future includes the past.
Accordingly, the judgment as proposed by the plaintiff is adopted.