■ SUSAN BERMEO, an Infant, by Her Father and Natural Guardian, MARIO BERMEO, et al., Respondents-Appellants, v YUCEL ATAKENT et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [715 NYS2d 5] —Judgment, Supreme Court, Bronx County (Dou-

glas McKeon, J.), entered August 9, 1999, which, *inter alia*, awarded plaintiff damages structured pursuant to CPLR article 50-B but required the municipal defendant to make an accelerated lump sum payment for annuity benefits owed plaintiff from the date of the verdict through entry of judgment, and which employed annuity rates as the basis for the discount rate used to determine the present value of the annuity contract to be purchased by the municipal defendant, and calculated legal fees pursuant to the sliding scale for malpractice actions under Judiciary Law § 474-a, unanimously modified, on the law, to the extent of striking so much thereof as limits attorneys' fees pursuant to Judiciary Law § 474-a and, except as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered September 20, 1999, which denied the municipal defendant's motion to vacate the judgment and for reargument, unanimously dismissed, without costs, as taken from a nonappealable order. This matter is remanded to Supreme Court to structure the judgment in accordance with this decision. Counsel shall give plaintiff notice of the application for entry of judgment together with a copy of this decision.

In light of the significant delay between the date of the verdict and entry of judgment, the court appropriately exercised its discretion in directing the municipal defendant to make pre-judgment lump sum payments (*see, Williams v Bright*, 230 AD2d 548, 557, *appeal dismissed* 90 NY2d 935; *see also, Adamy v Ziriakus*, 254 AD2d 747). Neither has it been demonstrated that the court improperly exercised its discretion in basing the discount rates utilized in determining the present value of the annuity contract to be purchased by the municipal defendant upon annuity rates rather than the rate of return on United States Treasury Bonds; the statute, we note, does not mandate the use of any particular discount rate (CPLR 5041[e]; *see, e.g., Molinari v City of New York*, 176 Misc 2d 523).

As to the calculation of attorneys' fees, there is no merit to appellant's contention that the amount of counsel's fee should be subject to the limitations set forth in Judiciary Law § 474-a. Supreme Court found it "disturbing" that, upon plaintiff's attaining the age of majority, counsel obtained a retainer agreement providing for a contingency fee of one-third of the amount of the judgment. However, the circumstances are analogous to an action brought on behalf of an infant in which a retainer agreement is routinely obtained upon the plaintiff attaining the age of majority. While Supreme Court, in its order filed

January 26, 1999, referred to plaintiff's mental capacity as "suspect", the record does not reflect that any hearing was conducted to determine the need for appointment of a guardian ad litem or any basis that would warrant such a hearing. To the contrary, in an order filed on November 6, 1995, Supreme Court (Bernard Burstein, J.) observed her to be "within the normal scope of intelligence, perhaps on the low side. She testified in court and answered all questions intelligently."

We note that while this action, as originally brought, alleged malpractice by defendant-appellant New York City Health and Hospitals Corporation, the causes of action sounding in malpractice were all dismissed at trial. The jury verdict was therefore predicated solely on ordinary negligence, as this Court previously decided in directing that payments be structured pursuant to CPLR article 50-B (241 AD2d 235, 249). No appeal has been taken from this order.

Judiciary Law § 474-a applies only where the cause of action for medical malpractice is "determined by judgment or settlement" (Judiciary Law § 474-a [1]). As only the ordinary negligence claim was "determined by judgment", calculation of counsel's contingent fee is not "dependent in whole or in part upon the success of the prosecution by the attorney of such claim or action" (id.) for medical malpractice, and the statute is inapplicable. Having obtained dismissal of the malpractice claims, appellant cannot complain that, as a direct consequence, counsel is entitled to a higher fee, assuming appellant's standing to even raise the issue. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.