■ Mario Iazzetti et al., Respondents, v City of New York, Appellant. [734 NYS2d 8] —Order, Supreme Court, New York County (Walter Tolub, J.), entered July 10, 2000, which directed defendant City of New York to pay all remaining amounts due on the judgment dated March 11, 1994 in a lump sum, as well as outstanding interest, unanimously modified, on the law and the facts, to direct instead that the City pay to plaintiff within 30 days a lump sum amount representing all annual payments for future damages that would have been

made since 1994 had its obligations under the judgment not been stayed pending appeal, with interest, and otherwise affirmed, without costs.

Plaintiff obtained a judgment in 1994 in a personal injury action against the City, which was also his employer. After a lengthy appellate process in which the City sought to offset pension benefits plaintiff was to receive against future damages, the Court of Appeals, in 1999, directed reinstatement of the original judgment (94 NY2d 183). When plaintiff then made demand of the City for, *inter alia*, a lump sum payment for the annuity payments that originally were to commence in 1994 under the judgment, the City refused, contending that its obligation to commence payments for future damages did not arise until after the final determination by the Court of Appeals. Plaintiff then made a motion pursuant to CPLR 5044 to accelerate the periodic payments due under the 1994 judgment, which the IAS court granted, directing the immediate payment of the entire judgment without any discounting for present value.

We reject the City's argument that the stay it obtained pursuant to CPLR 5519 tolled its original obligation, such that its responsibility to commence payments did not arise until the completion of the appellate process. Rather, once the Court of Appeals reinstated the judgment, the City should have paid the installments that would have come due had there been no appeal, with interest. An award of interest alone, as urged by the City, would not serve to put plaintiff in the position he would have been in had no appeal been taken.

Nevertheless, in view of the City's good faith belief that its obligations did not commence until after the appellate process was exhausted, we exercise our discretion under CPLR 5044 to direct payment forthwith of those amounts that would have been made since 1994 had there been no appeal. The balance is to be paid in annual payments pursuant to the schedule attached to the original judgment. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.