■ MARY YACOBELLIS et al., Appellants, v NATIONAL AMUSE-MENTS, INC., Respondent. [735 NYS2d 172] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered September 27, 2000, which, upon a jury verdict in favor of the defendant and against them on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

This action arose out of an accident which occurred on January 12, 1997, when the injured plaintiff slipped and fell while descending an exterior staircase located on premises owned and operated by the defendant. The parties offered conflicting evidence as to the presence of a sand, gravel, and pebble mixture on the step on which the injured plaintiff slipped. The jury returned a verdict finding that the defendant was negligent but that its negligence was not a substantial factor in causing the accident. The plaintiffs appeal from the judgment dismissing the complaint, and we affirm.

It is well settled that a jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict by any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129; *Cohen v Hallmark Cards,* 45 NY2d 493). "[T]he determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile,* 224 AD2d 586, 587).

The jury verdict was supported by a fair interpretation of the evidence, and we decline to disturb it. The jury viewed the conflicting testimony and photographic evidence presented at trial. It could have reasonably concluded that the defendant was negligent in allowing an accumulation of sand and pebbles to build up on the landings and sidewalks on its premises, but

that such accumulation was not the proximate cause of the accident because it was not present on the step where the injured plaintiff slipped and fell. Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.