JOHN BROWN, Respondent, v CITY OF NEW YORK, Appellant. [749 NYS2d 34]

The plaintiff and his brother, Virgil Brown, commenced this action against the defendant City of New York (hereinafter the City) in November 1992 to recover damages for personal injuries they sustained in May 1992 after diving off the Steeplechase Pier at Coney Island. The plaintiff was rendered a pentaplegic and his brother was rendered a quadriplegic.

After a trial on the issue of liability, the jury rendered a verdict on March 27, 1998, which found, among other things, that the City was negligent and that its negligence was a substantial factor in causing both the plaintiff's and his brother's injuries. Thereafter, a trial on damages was held, and the jury returned a verdict on April 9, 1998.

On appeal, this Court, inter alia, ordered a new trial unless the plaintiff agreed to a reduced verdict (*Brown v City of New York,* 275 AD2d 726). The plaintiff stipulated to the reduced amounts determined by this Court, and on November 17, 2000, the Supreme Court, Kings County, entered an amended judgment in favor of the plaintiff in accordance with this Court's decision and order.

On April 3, 2001, the Court of Appeals denied the City's motion for leave to appeal (*Brown v City of New York,* 96 NY2d 709). The plaintiff then moved before the Supreme Court, Kings County, in May 2001, inter alia, to direct the City to make an immediate lump-sum payment of all past due CPLR article 50-B annuity payments which accrued from the date of the verdict of April 9, 1998, after the parties disagreed as to the date on which such payments were to commence. The plaintiff argued in support of the motion that annuity payments were to commence from the date of the jury verdict, pursuant to CPLR 5041 (e), and that upon expiration of the appellate stay of enforcement of the judgment under CPLR 5519 (a) (1), the City was obligated to make all past due payments that had accrued from the date of the verdict. The City argued in opposition that monthly annuity payments were to commence upon the expiration of the appellate stay of enforcement of the judgment.

In July 2001 the Supreme Court, Kings County, granted the plaintiff's motion, finding that annuity payments were to commence from the date of the verdict and not from the date of the expiration of the appellate stay of enforcement.

The City contends that its obligation to make annuity payments commenced after the Court of Appeals denied it leave to appeal in April 2001, and that such payments were to commence after its appeal has been exhausted. However, CPLR 5041 (e) unambiguously states that "[t]he period of time over which such periodic payments shall be made * * * shall be the period of years determined by the trier of fact."

When the jury rendered its verdict in 1998, it had no knowledge that the City would take an appeal, and that there would be a three-year delay in the plaintiff receiving annuity benefits as a result of the City's appeal. Rather, the jury intended that the plaintiff receive annuity payments from the date of its verdict in 1998.

Further, "[f]uture damages are 'a debt owed entirely as of the date of the liability verdict,' and '[t]he structured judgment schemes of articles 50-A and 50-B do not delay liability'" (*Young v Tops Mkts.,* 283 AD2d 923, 925, quoting *Rohring v City of Niagara Falls,* 84 NY2d 60, 70).

Although the City's filing of a notice of appeal stayed enforcement of the judgment herein (*see* CPLR 5519 [a] [1]), the City was obligated to make past due payments, as well as periodic annuity installments from April 1998, once the automatic stay was lifted, as annuity payments are to commence from the date of the verdict (*see Scannapieco v City of New York,* 298 AD2d 81 [decided herewith]; *see also Iazzetti v City of New York,* 288 AD2d 127, 128; *Young v Tops Mkts., supra*).

The City's remaining contentions are without merit. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.