[749 NYS2d 36]

Douglas Scannapieco et al., Respondents, v City of New York, Appellant.

Second Department, September 30, 2002

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Fay Leoussis, Pamela Seider Dolgow* and *John Hogrogian* of counsel), for appellant.

*Schneider, Kleinick, Weitz, Damashek & Shoot,* New York City (*Brian J. Shoot* and *Diane Welch Bando* of counsel), for respondents.

**OPINION OF THE COURT**

Cozier, J.

The issue on this appeal is one of first impression for this Court—whether a trial court is authorized to direct a defendant in a personal injury action to make an accelerated lump-sum payment of annuity benefits for future damages for the period of time from the date of the verdict through the entry of judgment. For the reasons stated herein, we conclude that annuity payments are to commence from the date of the verdict, and that where there is a significant delay between the date of the verdict and the entry of judgment, a trial court is authorized to direct an accelerated lump-sum payment of annuity benefits for future damages for the period from the date of verdict until the entry of judgment.

The plaintiffs commenced this action against the City of New York (hereinafter the City), inter alia, to recover damages for personal injuries sustained by the plaintiff Douglas Scannapieco (hereinafter the plaintiff Scannapieco) during the course of his employment as a steamfitter with the Board of Education of the City of New York.

A trial was commenced in Supreme Court, Kings County, in April 1997, and a verdict on the issue of liability was entered in favor of the plaintiffs on April 25, 1997. Thereafter, a trial was held on the issue of damages, and on May 2, 1997, the jury returned a verdict which awarded the plaintiff Scannapieco $21,290 for past medical expenses, $100,000 for lost earnings, and $370,000 for pain and suffering and loss of enjoyment

of life, totaling $491,290 in past damages, as well as $2,570,000 for future damages. The jury also awarded the plaintiff Kathy Scannapieco (hereinafter the plaintiff spouse) $60,000 for past loss of services and $365,000 for future loss of services. On July 9, 1998, the Supreme Court entered a structured judgment (hereinafter the 1998 judgment) in favor of the plaintiffs which provided, inter alia, that the City purchase an annuity contract with respect to the payment of remaining future damages in excess of $250,000.

The City appealed from the 1998 judgment (hereinafter the 1999 appeal), arguing that the jury award of damages was excessive, and that the trial court erred in the manner in which it structured that judgment. On appeal, this Court issued a decision and order, dated December 20, 1999, which modified the 1998 judgment and ordered a new trial as to damages unless the plaintiffs agreed to reduce the verdict as follows: to the sum of $300,000 (from $850,000) for future pain and suffering; to the sum of $1,000,000 (from $1,700,000) for future lost earnings for the plaintiff Scannapieco; to the sum of $5,000 (from $60,000) for the plaintiff spouse's past loss of services; and to the sum of $25,000 (from $365,000) for her future loss of services (see Scannapieco v City of New York, 267 AD2d 373). This Court also held that the trial court properly structured the 1998 judgment (see Scannapieco v City of New York, supra). Further, this Court remitted the matter to the Supreme Court, Kings County, for entry of an amended judgment.

By stipulation dated January 18, 2000, the plaintiffs consented to the reduced amounts determined by this Court. Thereafter, the City purchased annuity contracts which provided that payments were to commence on March 1, 2000, for the plaintiff Scannapieco's jury award for future lost earnings, medical expenses, and pain and suffering in excess of $250,000 (see CPLR 5041 [e]). However, the annuity contract did not provide for any payments from April 1997 through March 2000.

In February 2000, the plaintiffs moved, inter alia, to direct the City to make immediate payment of all claimed past due annuity payments. The plaintiffs contended that inasmuch as the jury's liability and damages verdicts were rendered in April and May 1997, respectively, the plaintiff Scannapieco was owed almost three years of past due annuity payments.

However, the City maintained that neither the 1998 judgment nor CPLR articles 50-A or 50-B authorized an advance lump-sum annuity payment as requested by the plaintiffs. The City noted that CPLR article 50-A only provided for the ac-

celeration of annuity payments where the judgment debtor failed to make payments in a timely fashion (see CPLR 5044) or where continued payment of the judgment in periodic installments would create a hardship (see CPLR 5046). Consequently, the City argued that the plaintiffs never asserted that the City failed to make payments in a timely fashion or made an application for the acceleration of payments.

The City also argued that annuity payments were due from the date of the entry of judgment. The 1998 judgment provided, inter alia, that the City would purchase an annuity contract wherein annual payments in equal monthly installments would begin "today" and extend for a certain time period. As such, the City maintained that payments were due from the date of the 1998 judgment. Further, the City contended that CPLR 5519 (a) stayed the enforcement of the provision of the 1998 judgment regarding the annuity payments and all other payments when the City filed its notice of appeal. Therefore, the City asserted that it was only required to make payment following entry of the amended judgment and following the expiration of the stay on December 20, 1999, the date of this Court's prior decision and order. In addition, the City maintained that the advance lump-sum annuity payment requested by the plaintiffs would overcompensate them, and that they would be sufficiently compensated through the award of nine percent statutory interest, in a lump sum, on all future damages as of the date of the verdict, pursuant to CPLR 5004.

The plaintiffs argued in their reply papers that CPLR 5041 (e) required, inter alia, that the period of time used to calculate the present value of the annuity contract was the period of years determined by the jury in rendering its verdict. In substance, the plaintiffs argued that the period of years determined by the jury commenced from the date of verdict, rather than from the date of the 1998 judgment, or from the date of this Court's modification of the 1998 judgment, or from the date designated by the City. Further, the plaintiffs maintained that the jury did not intend for payment to begin "approximately four years" after the verdict, namely, on March 1, 2000.

The Supreme Court granted the plaintiffs' motion, inter alia, to direct the City to make an immediate lump-sum payment of all past due annuity payments and entered an amended judgment in favor of the plaintiffs on April 25, 2000. In reaching its determination, the Supreme Court found that CPLR 5041 (e) specifically defined the time frame in which periodic annuity

payments must be made and held that the jury intended that the plaintiff Scannapieco receive all of his future items of damages from the date of verdict and not from any subsequent date asserted by the City.

The Supreme Court also held that had the City not taken an appeal and obtained an automatic stay of enforcement with respect to its payment of lump-sum damages and periodic annuity payments (*see* CPLR 5519 [a] [1]), it would have been required to make monthly payments in 1997, 1998, and 1999. Further, the Supreme Court found that the argument proffered by the City that "the appellate process did not merely defer but instead nullified any interim duty to make periodic payments [was] an absurd and unjust result." As such, the Supreme Court held that the taking of an appeal did not negate the City's duty to pay past due annuity payments when the automatic stay was lifted.

In a personal injury action, past damages, future damages up to $250,000, attorney's fees, and certain liens are payable in a lump sum (*see* CPLR 5041 [b]-[d]).

CPLR 5041 (e) states, in pertinent part, that:

> "[w]ith respect to awards of future damages in excess of two hundred fifty thousand dollars in an action to recover damages for personal injury * * * the court shall enter judgment as follows:

> "After making any adjustment prescribed by subdivisions (b), (c) and (d) of this section, the court shall enter a judgment for the amount of the present value of an annuity contract that will provide for the payment of the remaining amounts of future damages in periodic installments. The present value of such contract shall be determined in accordance with generally accepted actuarial practices by applying the discount rate in effect at the time of the award to the full amount of the remaining future damages, as calculated pursuant to this subdivision. The period of time over which such periodic payments shall be made * * * shall be the period of years determined by the trier of fact in arriving at the itemized verdict; provided, however, that the period of time over which such periodic payments shall be made and the period of time used to calculate the present value for damages attributable to pain and suffering shall be ten years or the period of time determined by the trier of fact,

whichever is less. The court, as part of its judgment, shall direct that the defendants and their insurance carriers shall be required to offer and to guarantee the purchase and payment of such an annuity contract. Such annuity contract shall provide for the payment of the annual payments of such remaining future damages over the period of time determined pursuant to this subdivision. The annual payment for the first year shall be calculated by dividing the remaining amount of future damages by the number of years over which such payments shall be made and the payment due in each succeeding year shall be computed by adding four percent to the previous year's payment."

The Appellate Divisions of the First and Fourth Departments have addressed the issue of whether a trial court is authorized to direct a defendant in a personal injury action to make an accelerated lump-sum payment of annuity benefits for future damages for the period of time from the date of the verdict through the entry of judgment where there is a significant delay between the date of verdict and entry of judgment.

In *Williams v Bright* (230 AD2d 548, *revg* 167 Misc 2d 179), the Appellate Division, First Department, reversed a judgment entered in favor of the plaintiff which structured the damages pursuant to CPLR article 50-B and remanded the matter for a new trial on the issue of damages where the trial court gave an erroneous jury charge. In reversing the judgment, the Appellate Division, First Department, inter alia, held that due to the "considerable delay between the judgment [being] vacat[ed] and any future judgment recovered, the trial court should be left with some discretion to make an immediate lump-sum award, to be deducted from any annuity awarded [and that] [t]he trial court did not err in this respect" (*id.* at 557).

Thereafter, the Appellate Division, First Department, in *Bermeo v Atakent* (276 AD2d 361), affirmed that portion of a judgment, which, among other things, awarded the plaintiff structured damages in accordance with CPLR article 50-B and directed the defendant to make an accelerated lump-sum payment for annuity benefits which accrued from the date of verdict through entry of judgment. In *Bermeo*, the Appellate Division, First Department, relied upon its holding in the *Williams* case, and concluded that the trial court "appropriately exercised its discretion in directing the municipal defendant to make pre-judgment lump sum payments" due to the "signifi-

cant delay between the date of verdict and entry of judgment" (*Bermeo v Atakent, supra* at 362).

Similarly, the Appellate Division, Fourth Department, has concluded that a trial court has discretion to award an immediate lump-sum annuity payment (*see Young v Tops Mkts.,* 283 AD2d 923; *Adamy v Ziriakus,* 254 AD2d 747).

The Appellate Division, Fourth Department, in *Young v Tops Mkts. (supra* at 925-926), held that the trial court providently exercised its discretion in directing the defendants to make an accelerated lump-sum payment for annuity benefits owed to the plaintiffs from the date of verdict through the entry of judgment where there was a significant delay between such dates. Further, the Appellate Division, Fourth Department, held in *Young v Tops Mkts. (supra* at 925) that "[f]uture damages are 'a debt owed entirely as of the date of the liability verdict,' and '[t]he structured judgment schemes of articles 50-A and 50-B do not delay liability' " (citations omitted).

The Appellate Division, Fourth Department, also relied upon the *Williams* case in affirming the Supreme Court's grant of the plaintiffs' motion for a lump-sum payment of annuity benefits that accrued where there was a significant delay between the date of verdict and entry of judgment (*see Adamy v Ziriakus, supra; see also Auer v State of New York,* 283 AD2d 122, 127 [Appellate Division, Third Department, held that denial of motion seeking immediate lump-sum payment of annuity benefits proper due to short interval between court's determination and entry of damage award]). In affirming a judgment entered in favor of plaintiff in *Adamy v Ziriakus (supra* at 748), the Appellate Division, Fourth Department, rejected the argument proffered by the defendant that an immediate lump-sum award therein would represent a windfall to the plaintiff and violate CPLR articles 50-A and 50-B.

The City contends that annuity payments are due from the date of entry of the amended judgment, April 25, 2000, since the 1998 judgment indicated, among other things, that such payments would begin "today" and extend for a certain time period.

However, CPLR 5041 (e) unambiguously states that "[t]he period of time over which such periodic payments shall be made * * * shall be the period of years determined by the trier of fact." In the case at bar, when the jury rendered its liability verdict on April 25, 1997, it had no knowledge that the case would be delayed due to the appeals taken by the City and that an amended judgment would be subsequently entered in

March 2000. Thus, the Supreme Court correctly held that the jury did not intend for the annuity payments to the plaintiff Scannapieco to commence after the determination of the 1999 appeal or in March 2000, but rather intended that such payments commence from the date of its verdict.

Although the City's filing of a notice of appeal stayed enforcement of the amended judgment, i.e., payment of past due and periodic annuity installments (see CPLR 5519 [a] [1]), the City was obligated to make past due payments, as well as periodic annuity installments from April 1997, once the automatic stay was lifted.

CPLR 5519 (a) (3) provides that:

> "(a) [s]ervice upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where: * * *

> "(3) the judgment or order directs the payment of a sum of money, to be paid in fixed installments, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party shall pay each installment which becomes due pending the appeal and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay any installments or part of installments then due or the part of them as to which the judgment or order is affirmed."

The City also maintains that the plaintiffs waived their right to argue on this appeal that annuity benefits would commence from a date other than the date of entry of the amended judgment, since the plaintiffs failed to request that the Supreme Court fix a different date for the commencement of annuity payments prior to the entry of the 1998 judgment, and failed to cross appeal with respect to such issue during the 1999 appeal. However, this argument is without merit, since, prior to the entry of the 1998 judgment, the City represented to the Supreme Court that the payment term to be used for purposes of determining the present value of the annuity began at the date of verdict.

Similarly without merit is the City's argument that the payment of statutory interest will sufficiently compensate the plaintiff Scannapieco for the delay in receiving annuity

benefits, as monthly periodic installment payments constitute principal and not interest. In addition, the City's reliance on *Rohring v City of Niagara Falls* (84 NY2d 60), in support of its proposition that periodic payments commence upon entry of judgment, with interest compensating for the postverdict delay, is misplaced. As the City concedes in its brief, *Rohring* did not address the issue raised on this appeal. Rather, *Rohring* addressed the method to be used in calculating attorney's fees based on future damages and the interest on future damages.

Further, assuming that the plaintiff Scannapieco had died during the pendency of this appeal and that the payment of annuity benefits was to commence from entry of the amended judgment and following this Court's determination of the instant appeal, as suggested by the City herein, the City would be relieved of its obligation to pay any periodic installments for all future noneconomic losses which accrued from the date of verdict, pursuant to CPLR 5045 (a). Such a result is clearly inconsistent with CPLR 5041 (e).

Finally, contrary to the City's contention, the fact that the plaintiffs did not make an application for the acceleration of annuity benefits under either CPLR 5044 or 5046 is of no consequence. Here, the City was obligated to make an immediate payment of past due annuity benefits upon this Court's determination of the 1999 appeal and following the entry of the amended judgment. Accordingly, we hold that the Supreme Court providently exercised its discretion in directing the immediate lump-sum payment of annuity benefits which accrued from the date of verdict until entry of the amended judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

Accordingly, the appeal from the order is dismissed, and the amended judgment is affirmed insofar as appealed from.

FRIEDMANN, J.P., SMITH and ADAMS, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.