■ ALFRED BALSAM, Respondent, v CITY OF NEW YORK et al., Appellants. [748 NYS2d 779] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (M. Garson, J.), entered March 14, 2001, which, upon a jury verdict finding the plaintiff 35% at fault in the happening of the accident, and the defendants 65% at fault in the happening of the accident, and awarding damages in favor of the plaintiff and against the defendants in the principal sum of $4,070,605 (including, inter alia, $1,302,000 for future lost earnings, $1,000,000 for future prescription drug expenses, and $128,700 for future psychiatric expenses), and an order of the same court, dated March 8, 2000, which, inter alia, granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that the plaintiff was 35% at fault in the happening of the accident, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for future lost earnings, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within

30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to future lost earnings from the sum of $1,302,000 to the sum of $700,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The Supreme Court properly set aside the verdict finding that the plaintiff was 35% at fault in the happening of the accident, and entered a judgment based upon the defendants' 100% fault in the happening of the accident. There was no "valid reasoning from which the jury could have concluded that the plaintiff engaged in conduct which fell below the standard required by a reasonably prudent person" (see Linszer v Wachsman, 232 AD2d 530, 531).

The amount of damages to be awarded for personal injuries is primarily a question for the jury (see Schare v Welsbach Elec. Corp., 138 AD2d 477, 478). The jury was entitled to credit the testimony of the plaintiff's treating physicians regarding the plaintiff's physical condition concerning future lost earnings, and to discredit the testimony of the defendants' witnesses regarding that issue (see Yacobellis v National Amusements, 289 AD2d 485; Teneriello v Travelers Cos., 264 AD2d 772; Salazar v Fisher, 147 AD2d 470). However, the award may be set aside when it deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Pellegrino v Felici, 278 AD2d 212; Walsh v Kings Plaza Replacement Serv., 239 AD2d 408). The award for future lost earnings is excessive to the extent indicated.

The Supreme Court providently exercised its discretion in determining that the defendants failed to rebut the presumption that the statutory interest rate of 9% was fair and reasonable (see Rodriguez v New York City Hous. Auth., 91 NY2d 76; Guido v State of New York, 288 AD2d 345; Capolino Constr. Corp. v White Plains Hous. Auth., 275 AD2d 347).

Further, we reject the defendants' contention that CPLR article 50-B payments are to commence after the conclusion of the appellate process (see Scannapieco v City of New York, 298 AD2d 81; Brown v City of New York, 297 AD2d 771; see also Iazzetti v City of New York, 288 AD2d 127).

The defendants' remaining contentions are either without merit or unpreserved for appellate review. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.