**Moctezuma v New York City Tr. Auth.**

2024 NY Slip Op 33226(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 152659/2014

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD TSAI                          PART          21

                                    *Justice*

-------------------------------------------------------------------X

JESUS MOCTEZUMA,

                               Plaintiff,

                    - v -

NEW YORK CITY TRANSIT AUTHORITY, MANHATTAN
AND BRONX SURFACE TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
NYEMA RIVERA, JOEL GENAO and STEPHANIE MELO,

                               Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152659/2014 |
| MOTION DATE | 02/01/2024 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 006) 11, 29, 103, 119, 121-139

were read on this motion to/for               RESTORE           .

     This personal injury action was tried before a jury to verdict, and verdict was entered in plaintiff's favor against defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Nyema Rivera (collectively, the NYCTA Defendants). Judgment was entered on December 29, 2020 in the total amount of $1,806,737.83.

     Pursuant CPLR 5043 (a) and CPLR 5044, plaintiff seeks an order accelerating the payment of the judgment in full. The NYCTA Defendants oppose the motion.

## BACKGROUND

     This personal injury action was tried before a jury to verdict in January and February 2019, which awarded plaintiff the sum of $1,766.800.00 (*see* NYSCEF Doc. No. 103, extract). On December 9, 2020, a structured judgment was entered in plaintiff's favor in the total amount of $1,806,737.83 (*see* plaintiff's exhibit A, counter judgment [NYSCEF Doc. No. 123]).

     Thereafter, the NYCTA Defendants appealed the order of the trial court "which denied, in part, the motion of the NYCTA defendants to modify or set aside the jury award", which was unanimously affirmed on appeal, *Moctezuma v New York City Transit Authority* (222 AD3d 489 [1st Dept 2023]; *see also* plaintiff's exhibit B [NYSCEF Doc. No. 123]).

It is undisputed that, on December 22, 2023, the NYCTA Defendants were served via NYSCEF with notice of entry of the Appellate Division, First Department's decision of affirmance (*see* plaintiff's Exhibit C in support of motion [NYSCEF Doc. NO. 125]; *see also* NYSCEF Doc. No. 119).

It is also undisputed, that within thirty days of being served with notice of entry of the affirmance, the NYCTA Defendants did not "post security in amount necessary to secure payment for the amount of the judgment for future periodic installments," pursuant to CPLR 5043 (a).

The parties do not dispute that NYCTA Defendants' "structured settlement broker," Colin Finn, contacted plaintiff's counsel around the time that NYCTA Defendants' were served with notice of entry of the appellate affirmance, and that Finn was put in contact with plaintiff's structured settlement consultant, Martin Jacobson of Creative Capital, Inc., around that time (*see* affidavit of Colin Finn [NYSCEF Doc. No. 129]; affirmation of Martin Jacobson [NYSCEF Doc. No. 134]).

In sum, Finn asserts that, on January 5, 2024, he proposed a "a $1.5 million structured settlement offer" of the case to Jacobson, and that, on several occasions of him following up on the proposal, he was told "Plaintiff's counsel was unavailable to either accept or reject the offer because he was on the trial" (Finn affidavit ¶¶ 3-7). Finn asserts that it was not until February 1, 2024 that he was advised by Jacobson "that the $1.5 million offer was rejected", at which point the thirty days to post security had expired (*id.* ¶ 8).

In contrast, Jacobson contends that he never told Finn that he was authorized to negotiate a settlement on behalf of plaintiff, and that he made clear to Finn that "[i]n order to discuss settlement we have to be on the same page regarding the TA's cost to fund the judgment" (Jacobson affidavit, exhibit D [NYSCEF Doc. No. 138], December 27, 2023). Jacobson points out that when he emailed Finn on December 28, 2023—stating that he had "just left you a voicemail after speaking with plaintiff's counsel about a potential settlement" and asking that Finn call him back—he stated, "Reminder – the clock is ticking" (Jacobson affirmation, exhibit A [NYSCEF Doc. No. 135], December 28, 2023). Jacobson contends that, even though he was never authorized to provide any extension of the deadline to fund the judgment, his use of the phrase "the clock is ticking" makes clear "that no such stay or extension of the judgment debtor's time to pay the immediate cash portion of the judgment or to post security in the form of an annuity was ever provided or intended" (Jacobson affirmation ¶ 8).

Further, Jacobson points out that, on January 16, 2024, his colleague Rhys Andersen emailed Finn stating clearly, "We haven't been authorized to make any counter yet but if that changes, I will you know" (Jacobson affirmation ¶ 9, quoting exhibit A to Finn Affidavit [NYSCEF Doc. No. 130] at 8-9 of 18).

According to counsel for the NYCTA defendants, after she was advised by Finn that plaintiff was rejecting the settlement offer on February 1, 2024, it was her intent to

**152659/2014 MOCTEZUMA, JESUS vs. NEW YORK CITY TRANSIT** Page 2 of 5
**Motion No. 006**

2 of 5

submit another "settlement proposal" to plaintiff (Ayala affirmation in opposition to motion [NYSCEF Doc. No. 128] ¶ 19). However, Ayala contends that instead, "on the afternoon of February 1, 2024, the instant motion was received" (*id.*). Ayala asserts that she spoke to plaintiff's attorney Patrick Bisogno on February 13, 2024, and advised "advised him that that the annuity company required 'proof of age' in order for the annuity to be set up" (*id.* ¶ 20). Ayala contends that Bisogno "flatly refused to provide the same given this pending motion" (*id.*).

## DISCUSSION

CPLR 5043 (a) provides that a party liable for all or a portion of a judgment for periodic installments shall "post security in an amount necessary to secure payment for the amount of the judgment for future periodic installments within thirty days after the date the judgment is entered."

Here, it is undisputed that, in light of the NYCTA Defendants' appeal, there was an automatic stay of the execution of the judgment (*see* Public Authorities Law § 1212-a [3]). It is also undisputed that, within thirty days of being served with notice of entry of the affirmance, the NYCTA Defendants did not post security "in the form of an annuity contract" (CPLR 5042) "in amount necessary to secure payment for the amount of the judgment for future periodic installments," pursuant to CPLR 5043 (a).

Because the NYCTA Defendants failed to comply with deadline imposed by CPLR 5043 (a), plaintiff argues that plaintiff is entitled to acceleration of the judgment in full, with interest on the outstanding judgment, without any structure/annuity, pursuant to CPLR 5043 (b) and 5044.

In opposition, the NYCTA Defendants argue that defendants did not fail to make payment in a timely fashion as per CPLR 5044 because "good faith settlement negotiations [ ] were occurring during the 30-day period following the receipt of the Appellate Division's decision with Notice of Entry" (affirmation of NYCTA Defendants' counsel ¶ 21). The NYCTA Defendants' counsel also claimed that plaintiff's counsel refused to provide plaintiff's proof of age, which was requested by the annuity company to set up the annuity.

In reply, plaintiff's counsel acknowledges that he spoke to the NYCTA Defendants' counsel "well after their time to fund the annuity expired," and that she told him that "she would like to fund the annuity but she couldn't because they didn't have the plaintiff's date of birth" (reply affirmation of plaintiff's counsel [NYSCEF Doc. No. 132] ¶ 8]). However, plaintiff's counsel contends "this to be laughable on every level" because "NYCTA had multiple avenues to access the plaintiff's date of birth", including calling his office before the time to fund the judgment expired, or reviewing the bill of particulars, the trial transcript or "the vast amount of medical records which were provided" (*id.*). Plaintiff's counsel asserts that the need for plaintiff's date of birth is "charade" and "simply a poor excuse for missing the funding deadline" (*id.* ¶ 9).

**152659/2014   MOCTEZUMA, JESUS vs. NEW YORK CITY TRANSIT**                    **Page 3 of 5**
**Motion No.  006**

3 of 5

Contrary to plaintiff's argument, plaintiff is not entitled to acceleration of the judgment pursuant to CPLR 5043 (b) at this time.

CPLR 5043 (b) states:

"A judgment creditor or successor in interest and any party having rights may move that the court find that security has not been posted and maintained with regard to a judgment obligation owing to the moving party. Upon so finding, the court shall order that security complying with this article be posted within thirty days. If security is not posted within that time and subdivision (c) of this section does not apply, the court shall enter a judgment for the lump sum as such sum is determinable under the law without regard to this article."

"Under CPLR 5033(b) and CPLR 5043(b), if qualifying security is not timely posted at the outset, the court shall order that the obligor comply within 30 days" (Mark C. Dillon, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C5033:2). It is only after the judgment debtor violates this order of the court that "the court shall enter a judgment for the lump sum as such sum is determinable under the law without regard to this article" (*id.*).

Because there is no prior court order which directed the NYCTA Defendants to post security within 30 days after it has failed to do so, this court cannot enter judgment for the lump sum pursuant to CPLR 5043 (b). *Scannapieco v City of New York* (298 AD2d 81 [2d Dept 2002]), which plaintiff cites, did not involve an interpretation of CPLR 5043 (b).

CPLR 5044 states,

"If at any time following entry of judgment, a judgment debtor fails for any reason to make a payment in a timely fashion according to the terms of this article, the judgment creditor may petition the court which rendered the original judgment for an order requiring payment by the judgment debtor of the outstanding payments in a lump sum."

Unlike CPLR 5043, "the statute provides no specific time frame for the tender of the initial lump sum payment due under a structured judgment. Thus, whether that payment is made 'in a timely fashion' will depend on the circumstances presented in the particular case" (*Summerville v City of New York*, 97 NY2d 427, 435 [2002]).

Here, the court is not persuaded that, by refusing to provide plaintiff's date of birth, plaintiff's counsel thwarted the NYCTA Defendants' ability to enter into the required annuity contract by refusing to provide plaintiff's date of birth. As plaintiff's counsel points out, defendants certainly had a wealth of documents that contained

**152659/2014  MOCTEZUMA, JESUS vs. NEW YORK CITY TRANSIT**
**Motion No.  006**

**Page 4 of 5**

4 of 5

[* 4]

plaintiff's date of birth including plaintiff's bill of particulars (*see* NYSCEF Doc. No. 11 ¶ 1 [b] [providing plaintiff's date of birth]) and plaintiff's deposition testimony (NYSCEF Doc. No. 29 at 6, lines 13-14 [stating that plaintiff was born in 1977]). Moreover, even if NYCTA Defendants were unable to find plaintiff's date of birth on their own, NYCTA Defendants could have obtained that information from defendant's counsel by simply asking for it before the time to post security expired.

And yet, plaintiff has not demonstrated that the NYCTA Defendants failed to make payment "in a timely fashion," because the record indicates that there is an open offer to settle the judgment, which plaintiff did not reject until after 30 days from service of the Appellate Division's decision with notice of entry was served. According to Finn, the offer was made on January 5, 2024, with a follow up on January 10, 204, but Finn was told that plaintiff's counsel was on trial (Finn aff ¶¶ 4-5). According to Finn, Plaintiff's counsel rejected the offer on February 1, 2024 (*id.* ¶ 8). If as plaintiff's counsel asserts, the offer was clearly a non-starter, plaintiff's counsel should have promptly rejected the offer.

Notwithstanding the above, given that the NYCTA Defendants clearly did not comply with CPLR 5043 (a), this court shall order that the NYCTA Defendants post the security complying with this CPLR 5043 (a) within thirty days.

## CONCLUSION

It is hereby **ORDERED** that plaintiff's motion to accelerate payment in full of the judgment with all costs and interest is **DENIED**; and it is further

**ORDERED** that defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Nyema Rivera shall post the security complying with this CPLR 5043 (a) within thirty days of entry of this decision and order.

20240916184003RTSAID7D727B9FCB9488189756C8AD83A346F

| 9/16/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152659/2014   MOCTEZUMA, JESUS vs. NEW YORK CITY TRANSIT**
**Motion No.  006**

Page 5 of 5

5 of 5