■ Joyce Widman, Respondent, v S. Theodore Horwitz et al., Defendants, and Lionel Deutsch et al., Appellants.—In an action to recover damages for medical malpractice, the defendants Lionel Deutsch and North Shore University Hospital appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Lockman, J.), entered May 21, 1990, as, upon a jury verdict finding them 70% at fault in the happening of the occurrence, is in favor of the plaintiff and against them in the principal sum of $700,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The appellants contend that the jury's verdict in favor of the plaintiff must be set aside as against the weight of the credible evidence. However, upon review of the record, we cannot conclude that the verdict could not have been reached by any fair interpretation of the evidence adduced at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). The conflicting testimony of the parties and their experts presented issues of credibility which were for the jury to resolve *(see, Plant v Shalit,* 158 AD2d 676; *Norfleet v New York City Tr. Auth.,* 124 AD2d 715). We find no basis to disturb the jury's determination.

Nor do we find any error in the trial court's refusal to

instruct the jury to consider the fault of a discontinued defendant in apportioning fault *(see,* General Obligations Law § 15-108 [a]). Since there was no prima facie case of malpractice made out against the discontinued defendant, he could not be held responsible for any portion of the damages.

The appellants' remaining contentions, including their claim that the verdict was excessive, are without merit. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.