■ MILENKO BUDIMLIC et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [607 NYS2d 65] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Santucci, J.), entered August 5, 1991, which, upon a jury verdict, awarded each plaintiff the principal sum of $11,000.

Ordered that the judgment is affirmed, with costs.

The trial court did not improvidently exercise its discretion when it denied the appellant's motion, made just prior to trial, for leave to amend its answer to include the affirmative defense of the Statute of Limitations (see generally, Hickey v Hutton, 182 AD2d 801, 802; Pegno Constr. Corp. v City of New York, 95 AD2d 655, 656).

The appellant also contends that the jury's verdict in favor of the plaintiffs was against the weight of the evidence and excessive. However, we cannot conclude that the verdict could not have been reached by any fair interpretation of the evidence adduced at trial (see, Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129). Moreover, based upon the facts of this case, we do not find that the awards materially deviate from what would be reasonable compensation (see, CPLR 5501 [c]).

We also find no error in the trial court's refusal to instruct the jury to consider the fault of a defendant against whom the action had been discontinued in apportioning fault, or to reduce the award by the amount of the pretrial settlement with that defendant. Since there was no prima facie case of battery or excessive force made out against that defendant, it could not be held responsible for any portion of the damages (see, Widman v Horwitz, 189 AD2d 812; General Obligations Law § 15-108 [a]).

The trial court properly declined to instruct the jury on the affirmative defense of justification since the appellant relied on evidence that its employee did not intentionally strike the injured plaintiff rather than on evidence which would support a justification defense *(see, e.g., Pastore v Boone,* 127 AD2d 872).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.