■ JAMES SUMMERVILLE, Respondent, v CITY OF NEW YORK, Appellant. [683 NYS2d 579] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated April 17, 1997, which, upon a jury verdict awarding the plaintiff the sum of $29,257,316.16 ($5,000,000 for past pain and suffering, $650,000 for past shame and humiliation, $62,513 for past medical expenses, $105,000 for past loss of earnings, $20,000,000 for future pain and suffering, $500,000 for future shame and humiliation, $2,500,000 for future medical expenses, and $439,803.16 for future loss of earnings), and upon the granting of that branch of its motion which was to set aside the verdict as to damages and to direct a new trial on the issue of damages unless the plaintiff consented to reduce the verdict to the sum of $5,057,316.16 ($1,000,000 for past pain and suffering, $40,000 for past shame and humiliation, $62,513 for past medical expenses, $105,000 for past loss of earnings, $3,000,000 for future pain and suffering, $10,000 for future shame and humiliation, $400,000 for future medical expenses, and $439,803.16 for future loss of earnings), and upon the stipulation of the plaintiff to so reduce the verdict, is in favor of the plaintiff and against it in the principal sum of $5,057,316.16.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof which awarded the plaintiff the sums of $1,000,000 for past pain and suffering and $3,000,000 for future pain and suffering, and substituting therefor a provision severing the plaintiff's causes of action to recover damages for past and future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict

as to damages for past pain and suffering from the sum of $1,000,000 to the sum of $500,000 and the award for future pain and suffering from the sum of $3,000,000 to the sum of $1,500,000 and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment as so reduced and amended is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The fair preponderance of the evidence presented at trial provided ample support for the jury's conclusion that an off-duty New York City (hereinafter the City) police sergeant shot the plaintiff, an innocent bystander who happened to be walking in the vicinity of a bank that had just been robbed, and that this shooting incident was the result of a violation by the sergeant of established guidelines governing the use of deadly force by police officers. Assuming that the trial court would have been correct had it delivered a charge to the jury with respect to the "judgment error rule" in what amounts to a case based on excessive use of deadly force by police (*cf., Rodriguez v City of New York,* 189 AD2d 166), any error of law in the court's failure to do so is unpreserved for review since there was no appropriate request to deliver such a charge. Under the circumstances of this case, where the weight of the evidence points decisively to the conclusion that the use of deadly force against the plaintiff was in fact unwarranted, we decline to review the City's claim of error in the exercise of our interest of justice jurisdiction. The City's argument that application of the "judgment error rule" requires entry of judgment in the City's favor as a matter of law, an argument which is properly preserved for review, is meritless.

We agree with the City's contention that the award of damages for past and future pain and suffering deviates materially from what would be reasonable compensation for the plaintiff's injuries. Accordingly, we conclude that an award in the principal sum of $500,000 represents reasonable compensation for the plaintiff's past pain and suffering and an award in the principal sum of $1,500,000 represents reasonable compensation for the plaintiff's future pain and suffering. The reduction of the verdict as stipulated to by the plaintiff in accordance with the trial court's order granting that branch of the City's motion which was to set aside the verdict as to damages is otherwise in accordance with what the evidence establishes would be fair and reasonable compensation for the plaintiff's injuries. We modify the judgment accordingly.

The City's remaining contentions are without merit. Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.