■ STATE FARM INSURANCE COMPANY, as Subrogee of MICH-ELINA MANISCALCO et al., Respondent, v AMANA REFRIGERA-TION, INC., et al., Appellants. [698 NYS2d 300] —In a subrogation action to recover damages for injury to property, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered March 5, 1998, as denied the motion of the defendant Amana Refrigeration, Inc., in which the defendant Sears, Roebuck and Company joined, for summary judgment dismissing the complaint or, in the alternative, dismissing the complaint pursuant to CPLR 3126 or precluding the introduction of expert testimony at trial, and (2) from a judgment of the same court (Cowhey, J.), entered December 7, 1998, which, after a nonjury trial and the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $132,280.60.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal terminated with entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248).

The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff's subrogor, Antoinette Anobile, purchased a refrigerator from Sears, Roebuck & Co. (hereinafter Sears) in January 1992. The refrigerator was manufactured by the defendant Amana Refrigeration, Inc. (hereinafter Amana). After experiencing numerous problems with the refrigerator, which were promptly reported to Sears, Anobile's apartment caught fire on October 29, 1992. Fire investigators retained by the plaintiff inspected the scene and determined from burn patterns and other evidence that the fire originated inside the freezer compartment of the refrigerator. A toaster oven found unplugged on the counter near the refrigerator, which had not been used since that morning, was discarded and not examined as a possible cause of the fire.

The defendants' contention that its defense was compromised because of the spoliation of evidence is without merit. The toaster oven, which the defendants contend was an alternative cause of the fire, was not a key piece of evidence that should have been preserved (*see, Kirkland v New York City Hous. Auth.,* 236 AD2d 170).

The Supreme Court properly denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law. "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the non-moving party" (*Szczerbiak v Pilat,* 90 NY2d 553, 556). Here, sufficient evidence was adduced to establish that the refrigerator was the origin of the fire. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.