SPYROS STYLIANOU, Respondent, v JOSEPH CALABRESE, Appellant. [748 NYS2d 36]

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *White v Rubinstein,* 255 AD2d 378; *Nicastro v Park,* 113 AD2d 129, 134). Great deference is accorded to the fact-finding function of the jury, and

determinations regarding the credibility of witnesses are for the fact-finders, who had the opportunity to see and hear the witnesses (*see Darmetta v Ginsburg,* 256 AD2d 498; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402).

A review of the evidence in this case demonstrates that a fair interpretation of the evidence supports the jury determination that the plaintiff's injuries were causally related to the accident, and that such determination should not be set aside (*see Nicastro v Park, supra*).

While the amount of damages to be awarded for personal injuries is primarily a question for the jury (*see Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478), the award may be set aside and a new trial ordered when it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Pellegrino v Felici,* 278 AD2d 212; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408). Considering the nature and extent of the injuries sustained by the plaintiff, the award of damages for past and future pain and suffering does not deviate from what would be reasonable compensation (*see Jansen v Raimondo & Son Constr. Corp.,* 293 AD2d 574).

The trial court erred in permitting the plaintiff's treating physician to testify regarding future surgery. Although the plaintiff's treating physician testified that the surgery he performed on the plaintiff's shoulder was successful, and that the shoulder was stable, he nonetheless indicated that the plaintiff would require a shoulder replacement in the future. However, the plaintiff's physician failed to state a basis for such opinion and failed to indicate with any degree of certainty that the plaintiff would require future surgery. Accordingly, the verdict as to the award for the cost of future surgery cannot stand, as it was based on testimony that was speculative and unsupported by competent evidence (*see generally Jansen v Raimondo & Son Constr. Corp., supra; Sanvenero v Cleary,* 225 AD2d 755).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, are without merit. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.