■ AURELIE LAMB, Appellant, v BABIES 'R' Us, INC., et al., Respondents. [754 NYS2d 356] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 1, 2002, which, upon a jury verdict in her favor and against the defendants, inter alia, in the sums of only $7,600 for past pain and suffering and $12,615 for future pain and suffering, denied her motion to set aside the jury's award of damages on the ground of inadequacy.

Ordered that the order is reversed, on the facts and as an exercise of discretion, with costs, and the motion is granted to the extent that a new trial is granted on the issue of damages with respect to past and future pain and suffering only, unless within 20 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to damages from the sum of $7,600 to the sum of $25,000 for past pain and suffering, and from the sum of $12,615 to the sum of $40,000 for future pain and suffering, and to the entry of a judgment in the principal sum of $67,500 accordingly; in the event the defendants so stipulate, then the order is affirmed, without costs or disbursements.

On January 24, 1999, the then-74-year-old plaintiff slipped and fell while shopping in a store owned or operated by the defendants Babies 'R' Us, Inc., and/or the defendant Toys 'R' Us, Inc. (hereinafter collectively referred to as the defendants). When she fell, the plaintiff sustained a "comminuted fracture involving the head and neck of the [left] humerus." She also sustained a fracture of the greater tuberosity, and bone fragments therefrom migrated above the humeral head. As a result, the plaintiff was in "excruciating" pain. After her injury was diagnosed, she underwent physical therapy, but at the time of the trial in September 2001, she still suffered from lack of

strength and limitation of motion in her shoulder. The uncontradicted testimony at the trial indicated that she would suffer residual effects of the injury, including restrictions of her use of the limb, for the rest of her life. After the trial, at which the defendants conceded liability, the jury awarded the plaintiff $7,600 for past pain and suffering, $12,615 for future pain and suffering, and $2,500 for lost earnings. The trial court denied the plaintiff's motion to set aside the jury verdict on the issue of damages as inadequate and for a new trial on damages.

Although the amount of damages to be awarded for personal injuries is primarily a question for the jury (*see Balsam v City of New York,* 298 AD2d 479; *Stylianou v Calabrese,* 297 AD2d 798, 799; *Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478), and the jury's determination is entitled to great deference (*Laguesse v Storytown U.S.A.,* 296 AD2d 798, 801; *Simeon v Urrey,* 278 AD2d 624), under the facts of this case, we agree with the plaintiff that the awards for past pain and suffering and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Claudio v City of New York,* 280 AD2d 403). However, we decline to disturb the award for lost earnings.

The plaintiff's remaining contention is without merit. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.