█ Troy Evans et al., Respondents, v Jean J. Abitbol et al., Defendants, and Joyce E. Honorof et al., Appellants. [766 NYS2d 578]—

In an action to recover damages for medical malpractice, the defendants Joyce E. Honorof and David Sacknoff appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 17, 2001, which denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them and granted the plaintiffs' cross motion for leave to amend the original complaint nunc pro tunc to add them as parties to the action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the amended complaint is dismissed insofar as asserted against the appellants.

The plaintiff Troy Evans (hereinafter the plaintiff) underwent back surgery at the defendant Huntington Hospital on February 21, 1997. The surgery was performed by the defendants Dr. Jean Jacques Abitbol and Dr. Harry Mayer. Two days later, on February 23, 1997, the plaintiff had complications relating to his heart, and was attended to in the hospital by the defendants Dr. Joyce Honorof and Dr. David Sacknoff. On February 25, 1997, the plaintiff was transferred to University Hospital at Stony Brook, and he received no further treatment from Dr. Honorof or Dr. Sacknoff. Thus, the 2$^1$/$_2$-year statute of limitations for medical malpractice actions against Dr. Honorof and Dr. Sacknoff expired on August 25, 1999.

The plaintiffs commenced the instant medical malpractice action on August 13, 1999, by the filing of a summons and complaint which named only Huntington Hospital and Dr. Abitbol as defendants. On October 28, 1999, the plaintiffs filed and served an amended complaint adding Dr. Mayer, Dr. Honorof, and Dr. Sacknoff as new defendants. Dr. Honorof and Dr. Sacknoff thereafter moved for summary judgment dismissing the amended complaint insofar as asserted against them on the ground, inter alia, that the statute of limitations had

expired. The plaintiffs cross-moved for leave to amend the original complaint nunc pro tunc. In the order appealed from, the Supreme Court granted the plaintiffs' cross motion and denied the appellants' motion, holding that the amended complaint related back to the original complaint for statute of limitations purposes. We disagree.

"As codified in New York's Civil Practice Law and Rules, what is commonly referred to as the relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal,* 87 NY2d 173, 177 [1995]). Two defendants may be held to be united in interest when one defendant can be held vicariously liable for the conduct of the other (*see Mondello v New York Blood Ctr.— Greater N.Y. Blood Program,* 80 NY2d 219, 226 [1992]; *Desiderio v Rubin,* 234 AD2d 581 [1996]). Generally, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not its employee (*see Pearce v Klein,* 293 AD2d 593 [2002]; *Johanessen v Singh,* 259 AD2d 670 [1999]). In the instant case, Dr. Honorof and Dr. Sacknoff established that they were private physicians, and not employees of the defendant hospital; the plaintiffs failed to sustain their burden of showing that they fell within any exception to the above rule (*see Austin v Interfaith Med. Ctr.,* 264 AD2d 702 [1999]; *Mduba v Benedictine Hosp.,* 52 AD2d 450 [1976]). Since Dr. Honorof and Dr. Sacknoff are not united in interest with Huntington Hospital, the relation back doctrine does not apply, and the instant action is untimely as against them. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.