■ ROBERT QUACKENBUSH, Respondent, v GAR-BEN ASSOCIATES et al., Appellants, et al., Defendant. [769 NYS2d 387]—

In an action to recover damages for personal injuries, the defendants Gar-Ben Associates and We're Associates appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Davis, J.), dated September 25, 2002, as, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against them, made at the close of evidence, and upon a jury verdict awarding the plaintiff damages in the sums of $234,000 for past pain and suffering, $515,000 for future pain and suffering, $19,919.18 for past medical expenses, $10,000 for future medical expenses, and $21,500.50 for loss of earnings, is

in favor of the plaintiff and against them in the total sum of $799,151.24.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the plaintiff's motion for judgment as a matter of law on the issue of the liability of the defendants Gar-Ben Associates and We're Associates (hereinafter the defendants), pursuant to Labor Law § 240 (1), because, upon the evidence presented, there was no rational process by which the jury could find in favor of the defendants (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]; *see also Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *State Farm Ins. Co. v Amana Refrig.,* 266 AD2d 372, 373 [1999]). The unrebutted evidence adduced at trial by the plaintiff, an electrician, demonstrated that the defendants, which opted not to call any witnesses or present any evidence at trial, did not provide him with proper protection from height-related dangers connected with his work, and that the ladder on which he worked was inadequate to prevent him from falling 14 feet to the floor after sustaining an electric shock in the course of connecting a ceiling fixture (*see Izrailev v Ficarra Furniture of Long Is.,* 70 NY2d 813, 815 [1987]). Nor did the defendants rebut the plaintiff's showing, established through both eyewitness and expert testimony, that they should have provided him with protective equipment, and that the failure to provide this equipment proximately caused the accident (*see Izrailev v Ficarra Furniture of Long Is., supra; cf. Grogan v Norlite Corp.,* 282 AD2d 781 [2001]; *Donovan v CNY Consol. Contrs.,* 278 AD2d 881 [2000]; *Weber v 1111 Park Ave. Realty Corp.,* 253 AD2d 376, 378 [1998]; *Gange v Tilles Inv. Co.,* 220 AD2d 556, 558 [1995]).

The award of damages in a personal injury case is primarily a question for the jury (*see Lamb v Babies 'R' Us,* 302 AD2d 368 [2003]; *Balsam v City of New York,* 298 AD2d 479 [2002]; *Stylianou v Calabrese,* 297 AD2d 798 [2002]), whose determination should be accorded great deference (*see Lamb v Babies 'R' Us, supra; Laguesse v Storytown, U.S.A.,* 296 AD2d 798 [2002]). Upon our consideration of the nature and extent of the injuries suffered by the plaintiff, we find that the jury's awards to him for past and future pain and suffering do not materially deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Jansen v Raimondo & Son Constr. Corp.,* 293 AD2d 574 [2002]; *see also Stylianou v Calabrese, supra; Capuccio v City of New York,* 174 AD2d 543 [1991]).

Accordingly, the judgment should be affirmed insofar as appealed from.

The defendants' remaining contention is without merit (see *Zook v Hartford Acc. & Indem. Co.,* 64 AD2d 701 [1978]; see also *Wyoming County Bank v Ackerman,* 286 AD2d 884 [2001]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.