■ ROBERT GERDIK, Respondent, v LESTER J. VAN ESS, Appellant, et al., Defendants. [774 NYS2d 174]—

In an action to recover damages for personal injuries and wrongful death based upon medical malpractice, the defendant Lester J. Van Ess appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated October 7, 2002, which denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict against him on the issue of liability, and granted that branch of his motion which was to set aside as against the weight of the evidence and as excessive the jury verdict as to the pecuniary damages sustained by the decedent's distributees, other than for future lost earnings, only to the extent of ordering a new trial on that item of damages, unless the plaintiff filed a written stipulation consenting to a reduction in the pecuniary damages awarded to the decedent's distributees, other than for future lost earnings, from the principal sum of $1,500,000 to the principal sum of $490,000.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof granting a new trial on the issue of pecuniary damages sustained by the decedent's distributees, other than for future lost earnings,

unless the plaintiff filed a written stipulation consenting to a reduction in the pecuniary damages awarded to the decedent's distributees, other than for future lost earnings, from the principal sum of $1,500,000 to the principal sum of $490,000, and substituting therefor a provision granting a new trial with respect to that issue, other than for future lost earnings; as so modified, the order is affirmed, with costs to the appellant, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to further reduce the verdict as to pecuniary damages, other than for future lost earnings, from the principal sum of $1,500,000 to the principal sum of $250,000, and to the entry of a judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so amended, is affirmed, without costs or disbursements.

Contrary to the appellant's argument, it cannot be said that the jury could not have reached its verdict as to his liability on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Cohen v Hallmark Cards,* 45 NY2d 493, 498 [1978]; *Nicastro v Park,* 113 AD2d 129, 133 [1985]). The disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve (*see Citron v Northern Dutchess Hosp.,* 198 AD2d 618, 620 [1993]; *Widman v Horwitz,* 189 AD2d 812 [1993]). Thus, we conclude that the verdict was not against the weight of the evidence.

Nor did the trial court err in refusing to instruct the jury to consider, in apportioning fault, the culpability of a codefendant physician against whom the plaintiff discontinued his claims during trial (*see* General Obligations Law § 15-108 [a]). As the appellant failed to satisfy his burden of making a prima facie showing that the discontinued codefendant committed malpractice, the codefendant cannot be held responsible for any portion of the damages (*see Zalinka v Owens-Corning Fiberglass Corp.,* 221 AD2d 830 [1995]; *Budimlic v New York City Hous. Auth.,* 200 AD2d 701 [1994]; *Bigelow v Acands, Inc.,* 196 AD2d 436 [1993]; *Widman v Horwitz, supra).*

We find, however, that the trial court's reduction of the jury's award for pecuniary damages sustained by the decedent's distributees, other than for future lost earnings, deviates materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; EPTL 5-4.3; *Klos v New York City Tr. Auth.,* 240 AD2d 635, 637 [1997]; *Plotkin v New York City Health & Hosps. Corp.,* 221 AD2d 425 [1995]).

The appellant's remaining contention is unpreserved for appellate review, and, in any event, is without merit. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.