■ ANITA KING, Respondent-Appellant, v GEORGE McMIL-LAN, Appellant-Respondent. [778 NYS2d 290]—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated September 21, 2002, which granted his motion pursuant to CPLR 4404 to set aside a jury verdict and to dismiss the complaint only to the extent of granting a new trial on the issue of damages unless the plaintiff stipulated to reduce the verdict from the sum of $950,000 to the sum of $700,000 ($500,000 for past pain and suffering and $200,000 for future pain and suffering), and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted a new trial unless she stipulated to reduce the verdict to the sum of $700,000.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting the provision thereof granting the defendant's motion to the extent of directing a new trial on the issue of damages only unless the plaintiff stipulated to reduce the verdict as to damages from the sum of $950,000 to the sum of $700,000, and substituting therefor a provision granting a new trial on the issue of damages; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages from the sum of $950,000 to the sum of $500,000 ($350,000 for past pain and suffering and $150,000 for future pain and suffering); in the event the plaintiff so stipulates, then the order, as so modified, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed as academic.

Contrary to the defendant's contention, the plaintiff adduced sufficient evidence at trial from which the jury could rationally conclude that the defendant's care constituted a departure from accepted medical practice (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Manginaro v County of Nassau*, 221 AD2d 603 [1995]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Moreover, the verdict was not against the weight of the evidence (*see Nicastro v Park, supra*).

However, the verdict as to past and future pain and suffering was excessive to the extent indicated (*see* CPLR 5501 [c]; *Pelzer v Synan*, 260 AD2d 621 [1999]).

The parties' remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.