CHRISTOPHER McDONAGH et al., Appellants, v VICTORIA'S SECRET, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and LIMITED EXPRESS, INC., et al., Respondents. HERBERT CONSTRUCTION COMPANY, INC., Third-Party Defendant. [781 NYS2d 525]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated August 5, 2002, which denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of the defendants Siemen-Rolm Communications, Inc., American Communications International, Inc., American Communication Industries, Inc., and American Communications of New York, Inc., and against them on the issue of liability on the cause of action pursuant to Labor Law § 200 as against the weight of the evidence, and as, in effect, denied that branch of their motion which was for a new trial on the cause of action pursuant to Labor Law § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for a new trial on the cause of action pursuant to Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, with costs to abide the event.

The plaintiff Christopher McDonagh was injured at a

construction site when he tripped while stepping over a piece of telephone equipment that was lying on the floor. The Supreme Court dismissed the plaintiffs' cause of action pursuant to Labor Law § 241 (6), ruling that the presence of an object on the floor of the construction site was not a proximate cause of the accident. Additionally, the jury found in favor of the defendants Siemen-Rolm Communications, Inc., American Communications International, Inc., American Communication Industries, Inc., and American Communications of New York, Inc., and against the plaintiffs on the issue of liability on the cause of action pursuant to Labor Law § 200.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see *Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Nicastro v Park,* 113 AD2d 129 [1985]). Furthermore, in reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess the witnesses' credibility (see *Teneriello v Travelers Cos.,* 264 AD2d 772 [1999]). Here, the verdict in favor of the defendants Siemen-Rolm Communications, Inc., American Communications International, Inc., American Communication Industries, Inc., and American Communications of New York, Inc., on the issue of liability on the cause of action pursuant to Labor Law § 200 was not against the weight of the evidence. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was to set aside the verdict on that ground.

However, the Supreme Court erred in dismissing the Labor Law § 241 (6) cause of action. Industrial Code, 12 NYCRR 23-1.7 (e) subdivisions (1) and (2), mandates that floors and walkways in construction sites be kept clear of tripping hazards. These regulations are specific enough to support a cause of action pursuant to Labor Law § 241 (6) (see *Herman v St. John's Episcopal Hosp.,* 242 AD2d 316, 317 [1997]). Under these regulations, the defendants would be liable to the plaintiffs for injuries caused by an object improperly remaining on the floor in the work area (see *Rizzuto v Wenger Contr. Co.,* 91 NY2d 343 [1998]; *Baird v Lydall, Inc., Manning Div.,* 210 AD2d 577, 578 [1994]). However, there would be no liability if the objects were an integral part of the work being performed (see *Moses v Pinazo,* 265 AD2d 391 [1999]; *Sharrow v Dick Corp.,* 233 AD2d 858, 860 [1996]). Since the injury at issue in this case occurred when the injured plaintiff fell over a piece of telephone equipment on the floor, whether the piece of equipment was a trip-

ping hazard and whether it was an integral part of the work being performed were questions of fact for the jury to determine. Therefore, the Supreme Court should have granted that branch of the motion which was for a new trial on the cause of action pursuant to Labor Law § 241 (6). Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.