■ KATHLYN DAY et al., Respondents, v HOSPITAL FOR JOINT DISEASES ORTHOPAEDIC INSTITUTE et al., Appellants. [782 NYS2d 847]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered March 6, 2003, which, upon a jury verdict, and upon an order of the same court dated December 11, 2002, denying their motion, inter alia, to set aside the verdict pursuant to CPLR 4404, and granting the plaintiffs' cross motion for an increase of $50,000 as compensation for past damages pursuant to CPLR 5031 (a), is in favor of the plaintiffs and against them in the total sum of $926,142.25.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the plaintiffs adduced sufficient evidence at trial from which the jury could rationally have concluded that the defendants departed from accepted medical and nursing practice in the administration of an intramuscular injection (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Foley v Flushing Hosp. & Med. Ctr.,* 34 NY2d 863, 864 [1974]; *King v McMillan,* 8 AD3d 447 [2004]; *McMurray v Staten Is. Univ. Hosp.,* 7 AD3d 764 [2004]). Moreover, it cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Gerdik v Van Ess,* 5 AD3d 726 [2004]; *Nicastro v Park,* 113 AD2d 129, 133 [1985]). The disputed testimony of the parties and their medical experts presented issues of credibility to be resolved by the jury, which had the foremost opportunity to observe and assess the witnesses and the evidence (*see Gerdik v Van Ess, supra; Citron v Northern Dutchess Hosp.,* 198 AD2d 618, 620 [1993]; *Widman v Horwitz,*

189 AD2d 812 [1993]; *see also McDonagh v Victoria's Secret, Inc.,* 9 AD3d 395 [2004]).

The award of damages for personal injuries is primarily a question for the jury (*see Quackenbush v Gar-Ben Assoc.,* 2 AD3d 824 [2003]; *Lamb v Babies 'R' Us,* 302 AD2d 368 [2003]; *Balsam v City of New York,* 298 AD2d 479, 480 [2002]; *Stylianou v Calabrese,* 297 AD2d 798 [2002]), whose determination is entitled to great deference (*see Quackenbush v Gar-Ben Assoc., supra; Lamb v Babies 'R' Us, supra*). Upon our consideration of the nature and extent of the injuries sustained by the plaintiff Kathlyn Day, we find that the awards to her of damages for past and future pain and suffering do not materially deviate from what would be considered reasonable compensation (*see CPLR 5501 [c]; Quackenbush v Gar-Ben Assoc., supra; Jones v Davis,* 307 AD2d 494, 495, 497-498 [2003]; *Cabezas v City of New York,* 303 AD2d 307 [2003]; *Jansen v Raimondo & Son Constr. Corp.,* 293 AD2d 574 [2002]; *Summerville v City of New York,* 257 AD2d 566 [1999]; *cf. Valentine v Lopez,* 283 AD2d 739 [2001]). Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.