■ THERESE ST. DIC, Respondent-Appellant, v BROOKLYN HOSPITAL CENTER, Appellant-Respondent. [784 NYS2d 876]—

In an action to recover damages for medical malpractice, the defendant appeals from a judgment of the Supreme Court, Kings County (Rosenberg, J.), entered January 31, 2003, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $218,000, and the plaintiff cross-appeals from the same judgment on the ground of inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

On November 2, 1995, the plaintiff was admitted into the Brooklyn Hospital Center complaining of a severe headache, inability to open her eyes and absence of feeling in her legs. A CT scan was administered which the defendant conceded was misread by its staff physician as "normal." After discharging the plaintiff from its care, the defendant's radiologist reviewed the CT scan and concluded it was, in fact, "abnormal." Notwithstanding the radiologist's findings, however, the defendant did not contact the plaintiff to alert her to the revised finding, nor did it administer any treatment to the plaintiff in relation thereto.

Over the next two weeks, the plaintiff's symptoms persisted and worsened. After consulting with an eye doctor who suspected that she had experienced an aneurysm, the plaintiff sought treatment at Kings County Hospital, and was admitted there on November 17, 1995. On November 20, 1995, physicians at Kings County Hospital performed surgery on the plaintiff, "clipping" the aneurysm.

At the start of trial, the defendant conceded that its employee's initial misreading of the CT scan and its failure to alert the plaintiff to the misreading were departures from accepted medical practice. The principal issue presented on this appeal is whether those conceded departures were the proximate causes of the plaintiff's injury.

Contrary to the defendant's contention, the evidence adduced at trial was legally sufficient to support the jury's verdict on causation (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Minelli v Good Samaritan Hosp., 213 AD2d 705, 706 [1995]). Moreover, the verdict was not against the weight of the evidence (see Evans v St. Mary's Hospital of Brooklyn, 1 AD3d 314, 315 [2003]; Bobek v Crystal, 291 AD2d 521, 522 [2002]).

In addition, there is no basis to disturb the amount of the award, as it did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]). Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.