■ LESLIE CROCKETT, Respondent, v LONG BEACH MEDICAL CENTER, Appellant. [790 NYS2d 227]—

In an action to recover damages for medical malpractice, the defendant appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), entered May 1, 2003, which, upon a jury verdict, and upon an order of the same court entered October 2, 2002, inter alia, denying that branch of its motion which was to set aside the verdict pursuant to CPLR 4404, is in favor of the plaintiff and against it in the total sum of $507,679.81.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the plaintiff adduced sufficient evidence at trial from which the jury could rationally conclude that the defendant departed from accepted medical and nursing practice in the administration of an intramuscular injection (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Foley v Flushing Hosp. & Med. Ctr.,* 34 NY2d 863, 864

[1974]; *Day v Hospital for Joint Diseases Orthopaedic Inst.,* 11 AD3d 505 [2004]; *King v McMillan,* 8 AD3d 447 [2004]; *McMurray v Staten Is. Univ. Hosp.,* 7 AD3d 764 [2004]). Moreover, it cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Gerdik v Van Ess,* 5 AD3d 726 [2004]; *Nicastro v Park,* 113 AD2d 129, 133 [1985]). The conflicting testimony of the parties and their medical experts presented issues of credibility to be resolved by the jury, which had the opportunity to observe and assess the witnesses and the evidence (*see Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Gerdik v Van Ess, supra; Citron v Northern Dutchess Hosp.,* 198 AD2d 618, 620 [1993]; *Widman v Horwitz,* 189 AD2d 812 [1993]; *see also McDonagh v Victoria's Secret, Inc.,* 9 AD3d 395 [2004]).

In addition, the amount of the award of damages for personal injuries is primarily a question for the jury (*see Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Quackenbush v GarBen Assoc.,* 2 AD3d 824 [2003]; *Lamb v Babies 'R' Us,* 302 AD2d 368 [2003]; *Balsam v City of New York,* 298 AD2d 479, 480 [2002]; *Stylianou v Calabrese,* 297 AD2d 798 [2002]), whose determination is entitled to great deference (*see Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Quackenbush v GarBen Assoc., supra; Lamb v Babies 'R' Us, supra*). Upon our consideration of the nature and extent of the injuries sustained by the plaintiff, we find that the jury's awards for past and future pain and suffering did not materially deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Jones v Davis,* 307 AD2d 494, 495, 497-498 [2003]; *Paternoster v Drehmer,* 260 AD2d 867 [1999]; *Fischl v Carbone,* 199 AD2d 463 [1993]). Moreover, the plaintiff satisfied her burden of establishing, with reasonable certainty, her entitlement to an award for past and future loss of income (*see Tassone v Mid-Valley Oil Co.,* 5 AD3d 931 [2004], *lv denied* 3 NY3d 608 [2004]; *Faas v State of New York,* 249 AD2d 731, 732-733 [1998]), and the amount awarded for those damages did not deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Madtes v 809A 8th Ave. Rest.,* 184 AD2d 326 [1992]). Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.