■ TZIVIA FRYER et al., Respondents, v MAIMONIDES MEDICAL CENTER et al., Defendants, and LAWRENCE COHEN, Appellant. [818 NYS2d 607]—In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Lawrence Cohen appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated July 21, 2004, which, upon a jury verdict finding him 100% at fault and awarding the plaintiff Tzivia Fryer damages in the sums of $300,000 for past pain and suffering and $0 for future pain and suffering, granted the motion of the plaintiff Tzivia Fryer pursuant to CPLR 4404 to set aside the award of $0 for future pain and suffering and for a new trial on that issue, and denied his cross motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law, or alternatively, to set aside the jury verdict on the issue of liability as against the weight of the evidence, or alternatively, to reduce the damages for past pain and suffering as excessive.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the plaintiff adduced sufficient evidence at trial from which the jury could rationally conclude that the appellant departed from accepted medical practice in failing to timely remove an intravenous line (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Foley v*

*Flushing Hosp. & Med. Ctr.,* 34 NY2d 863, 864 [1974]; *Crockett v Long Beach Med. Ctr.,* 15 AD3d 606, 606-607 [2005]; *Day v Hospital for Joint Diseases Orthopaedic Inst.,* 11 AD3d 505 [2004]; *King v McMillan,* 8 AD3d 447 [2004]). Moreover, it cannot be said that the jury could not have reached the verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Crockett v Long Beach Med. Ctr., supra; Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Gerdik v Van Ess,* 5 AD3d 726 [2004]; *Nicastro v Park,* 113 AD2d 129, 133 [1985]). The divergent testimony of the parties and their medical experts presented issues of credibility to be resolved by the jury, which had the opportunity to observe and assess the witnesses and the evidence (*see Crockett v Long Beach Med. Ctr., supra; Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Gerdik v Van Ess, supra; Citron v Northern Dutchess Hosp.,* 198 AD2d 618, 620 [1993]; *Widman v Horwitz,* 189 AD2d 812 [1993]; *see also McDonagh v Victoria's Secret, Inc.,* 9 AD3d 395, 396 [2004]).

Furthermore, the amount of damages awarded for personal injuries is primarily a question for the jury (*see Crockett v Long Beach Med. Ctr., supra; Day v Hospital for Joint Diseases Orthopaedic Inst., supra*) whose determination is entitled to great deference (*see Crockett v Long Beach Med. Ctr., supra; Day v Hospital for Joint Diseases Orthopaedic Inst., supra*). Upon our consideration of the nature and extent of the injuries sustained by the plaintiff, we find that the jury's award for past pain and suffering did not materially deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Day v Hospital for Joint Diseases Orthopaedic Inst., supra; Brown v City of New York,* 309 AD2d 778 [2003]; *Jones v Davis,* 307 AD2d 494, 497-498 [2003]). However, the jury verdict as to damages in the sum of $0 for future pain and suffering was contrary to a fair interpretation of the evidence (*see Sescila v Garine,* 225 AD2d 684, 685 [1996]; *Nicastro v Park, supra*), and thus, the Supreme Court properly granted the plaintiffs' motion pursuant to CPLR 4404 to set aside that portion of the verdict and for a new trial on that issue.

The appellant's contention regarding the missing witness charge is not properly before us on this appeal. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.