SERAP COKER, Respondent, v BAKKAL FOODS, INC., Appellant. [861 NYS2d 384]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered June 28, 2007, which, upon a jury verdict finding the defendant 80% at fault in the happening of the accident and the plaintiff 20% at fault, is in favor of the plaintiff and against it in the principal sum of $160,000.

Ordered that the judgment is affirmed, with costs.

On November 10, 2001 the then-46-year-old plaintiff tripped and fell over an extension cord attached to a fan that had been set up to dry the floors in a store owned by the defendant. As a result of the fall, the plaintiff suffered a fractured humerus. The plaintiff underwent orthopedic treatment and physical therapy, and received three cortisone injections. The plaintiff's orthopedist testified that the plaintiff's range of motion was moderately limited and that she would continue to have shoul-

der pain with certain movements and activities. Additionally, he recommended "symptomatic treatment with analgesics, injections," and possibly an arthroscopic operation.

Following a trial the jury found the defendant 80% at fault in the happening of the accident and the plaintiff 20% at fault. The jury awarded the plaintiff $125,000 for past pain and suffering and $75,000 for future pain and suffering.

The defendant contends that the Supreme Court erred in precluding the admission of an entry contained in the plaintiff's hospital record and the testimony of the physician's assistant who made the entry, and that the jury award was excessive. We affirm.

A hearsay entry in a hospital record as to the happening of an injury is admissible at trial, even if not germane to diagnosis or treatment, if the entry is inconsistent with a position taken by a party at trial. However, there must be evidence connecting the party to the entry (*see Cuevas v Alexander's, Inc.*, 23 AD3d 428, 429 [2005]; *Thompson v Green Bus Lines*, 280 AD2d 468, 469 [2001]; *Echeverria v City of New York*, 166 AD2d 409, 410 [1990]; *Gunn v City of New York*, 104 AD2d 848, 849 [1984]). Here, the Supreme Court properly precluded the admission of the entry contained in the plaintiff's hospital record, which indicated that the plaintiff fell at home, and the testimony of the physician's assistant who made the entry, where it was unclear whether the plaintiff was the source of that information (*see Echeverria v City of New York*, 166 AD2d at 410).

The amount of damages to be awarded for personal injuries is primarily a question for the jury (*see Crockett v Long Beach Med. Ctr.*, 15 AD3d 606, 607 [2005]; *Day v Hospital for Joint Diseases Orthopaedic Inst.*, 11 AD3d 505, 506 [2004]; *Balsam v City of New York,* 298 AD2d 479, 480 [2002]), and the jury's determination is entitled to great deference (*see Lamb v Babies 'R' Us*, 302 AD2d 368, 369 [2003]). Under the facts of this case, the jury's award for past pain and suffering and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.