■ CLINTON PRYCE et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, and CHRISTYN P. HATCHER et al., Respondents. [866 NYS2d 354]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk and Marcose Flores appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Costello, J.), entered May 10, 2007, as, upon separate jury verdicts on the issues of liability and damages, and upon the denial of their motions pursuant to CPLR 4401 for judgment as a matter of law and pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability as against the weight of the evidence and for a new trial, is in favor of the plaintiff Clinton Pryce and against them in the principal sum of $623,352 and in favor of the plaintiff Marva Pryce and against them in the principal sum of $19,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This personal injury action arises out of an accident which occurred while the plaintiff Clinton Pryce (hereinafter the injured plaintiff) was disembarking from a bus owned by the defendant County of Suffolk and operated by the defendant Marcose Flores (hereinafter together the appellants). Contrary to the appellants' contention, the Supreme Court properly denied their motion pursuant to CPLR 4401 for judgment as a matter of law. Affording the plaintiffs every favorable inference from the evidence submitted, there was a rational process by which the jury could have found in favor of the plaintiffs (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]), on the theory that the appellants breached a common carrier's duty to stop the bus at a place where a passenger may safely disembark and leave the area (*see Frett v New York City Tr. Auth.,* 24 AD3d 605 [2005]; *Gross v New York City Tr. Auth.,* 256 AD2d 128 [1998]). Flores's act of allowing the injured plaintiff to alight from the bus onto a shoulder lane, rather than a designated bus stop, did not "merely furnish[ ] the condition or occasion for the occurrence of the [accident]" (*Sheehan v City of New York,* 40 NY2d 496, 503 [1976]). Moreover, the act of the defendant Shiroide L. Sims, in passing the bus in the shoulder lane and striking the injured plaintiff, did not constitute an "independent, supervening cause" of the accident (*id.* at 503; *see Gross v New York City Tr. Auth.,* 256 AD2d 128 [1998]).

The jury verdict on the issue of liability was not against the weight of the evidence. Thus, the Supreme Court also properly

denied the appellants' motion pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability on that ground.

The award of damages did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Rivera, J.P., Lifson, Miller and Eng, JJ., concur.