◾ DANIEL CONWAY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [887 NYS2d 272]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Rosengarten, J.), dated March 3, 2008, which, upon a jury verdict against it on the issue of liability, and finding that

the plaintiff, inter alia, sustained damages in the principal sums of $200,000 for past pain and suffering and $800,000 for future pain and suffering, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

The 26-year-old plaintiff fractured both ankles on January 8, 2003, when he slipped on the second highest step on a stairway at a subway station in Woodside, Queens, and fell down the stairs. The plaintiff was transported by ambulance to a hospital, where he received emergency treatment. In the days following the accident, he sought additional medical care from other providers. Approximately two weeks after the accident, the plaintiff underwent arthroscopic surgery to repair the fractures and remove the cartilage that had separated from the bone.

Following a bifurcated trial on the issue of liability, the jury found, inter alia, that the stairway was not reasonably safe and that the defendant's failure to maintain the stairway was a proximate cause of the accident. After the trial on the issue of damages, the jury found that the plaintiff, inter alia, sustained damages in the principal sums of $200,000 for past pain and suffering and $800,000 for future pain and suffering.

The witnesses' testimony presented issues of credibility that the jury was in the best position to resolve, based on its opportunity to assess the witnesses (*see Solon v Voziianov,* 56 AD3d 654 [2008]; *Fryer v Maimonides Med. Ctr.,* 31 AD3d 604, 605 [2006]; *Crockett v Long Beach Med. Ctr.,* 15 AD3d 606, 607 [2005]). A valid line of reasoning existed which could lead rational persons to the jury's conclusion that the defendant was liable for the plaintiff's injuries (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Nicastro v Park,* 113 AD2d 129 [1985]), and its verdict was supported by a fair interpretation of the evidence (*cf. Solon v Voziianov,* 56 AD3d 654 [2008]; *Stylianou v Calabrese,* 297 AD2d 798, 799 [2002]).

Contrary to the defendant's contention, the jury's awards for past and future pain and suffering did not deviate materially from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Pryce v County of Suffolk,* 55 AD3d 894 [2008]; *Crockett v Long Beach Med. Ctr.,* 15 AD3d 606 [2005]; *Stylianou v Calabrese,* 297 AD2d 798, 799 [2002]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.