In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Jacobson, J.), entered July 8, 2011, as, upon a jury verdict on the issue of damages, inter alia, awarding the plaintiff the principal sums of $242,910 for past lost earnings, $240,046 for past loss of pension benefits, $56,630 for past loss of annuities, $35,516 for past loss of health insurance, $500,000 for future pain and suffering, $467,318 for future lost earnings, $465,180 for future hospital *802 ization and healthcare, $367,530 for future loss of pension benefits, $348,253 for future loss of annuities, and $327,772 for future loss of health insurance, is in favor of the plaintiff and against them; and the plaintiff cross-appeals, as limited by his brief, on the ground of inadequacy, from so much of the same judgment as awarded him the principal sum of only $250,000 for past pain and suffering.
Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provisions thereof awarding the plaintiff the principal sums of $242,910 for past lost earnings, $56,630 for past loss of annuities, $240,046 for past loss of pension benefits, and $35,516 for past loss of health insurance, and substituting therefor provisions awarding the plaintiff the principal sums of $126,251 for past lost earnings, $27,194 for past loss of annuities, $21,151 for past loss of pension benefits, and $17,048 for past loss of health insurance, and (2) by deleting the provision thereof awarding damages for past pain and suffering; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering only, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the award of damages for past pain and suffering from the principal sum of $250,000 to the principal sum of $400,000, and to the entry of an appropriate amended judgment accordingly; in the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
“The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation” (Graves v New York City Tr. Auth., 81 AD3d 589, 589 [2011]; see CPLR 5501 [c]; Chery v Souffrant, 71 AD3d 715, 716 [2010]; Keaney v City of New York, 63 AD3d 794, 795 [2009]; Vaval v NYRAC, Inc., 31 AD3d 438, 438 [2006]). Here, there is no merit to the defendants’ contention that the jury’s award for future medical expenses should have been set aside as speculative (see Janda v Michael Rienzi Trust, 78 AD3d 899, 901 [2010]; cf. Strangio v New York Power Auth., 275 AD2d 945, 946-947 [2000]; Sanvenero v Cleary, 225 AD2d 755, 756 [1996]; Cramer v Kuhns, 213 AD2d *803 131, 139 [1995]; Buggs v Veterans Butter & Egg Co., 120 AD2d 361, 361 [1986]), and this award did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]). The jury’s award for future pain and suffering also did not deviate materially from what would be considered reasonable compensation (see id.; Conway v New York City Tr. Auth., 66 AD3d 948, 949 [2009]; Pryce v County of Suffolk, 55 AD3d 894 [2008]; Crockett v Long Beach Med. Ctr., 15 AD3d 606 [2005]; Stylianou v Calabrese, 297 AD2d 798, 799 [2002]). However, on the plaintiffs cross appeal, we conclude that the award for past pain and suffering was inadequate to the extent indicated herein.
We agree with the defendants’ contention that the awards for past lost earnings, past loss of annuities, past loss of pension benefits, and past loss of health insurance should be reduced to the extent indicated, since these awards exceeded the amounts that the plaintiff’s economic expert testified represented the plaintiff’s losses (see Sanders v New York City Tr. Auth., 83 AD3d 811, 813-814 [2011]; Tonaj v ABC Carpet Co., Inc., 43 AD3d 337, 339-340 [2007]; Dell v Port Auth. of N.Y. & N.J., 24 AD3d 155 [2005]; Brewster v Prince Apts., 264 AD2d 611 [1999]).
The defendants contend that they were deprived of a fair trial when the Supreme Court precluded them from eliciting certain testimony from an expert witness on the ground that the expert was only identified by the defendants during the trial, after the note of issue and certificate of readiness were filed. As this Court recently held in Rivers v Birnbaum (102 AD3d 26 [2012]), CPLR 3101 (d) (1) does “not automatically preclude experts disclosed near the commencement of trial from testifying at trial” {Rivers v Birnbaum, 102 AD3d at 39 [emphasis added]). However, considering that the defendants made their application to elicit the expert testimony on the second day of trial, the court did not improvidently exercise its discretion in precluding the subject testimony. In any event, any error the court may have committed in precluding the subject expert testimony pursuant to CPLR 3101 (d) (1) was harmless, as there is no indication that the evidence would have had a substantial influence on the result of the trial {see CPLR 2002; see generally Division Seven, Inc. v HP Bldrs. Corp., 58 AD3d 796, 797 [2009]).
The defendants’ remaining contentions are without merit.
Dillon, J.P, Angiolillo, Leventhal and Sgroi, JJ., concur.