■ HARRIET ROSE, Individually and as Administrator of the Estate of BENNETT ROSE, Deceased, Respondent, v JONATHAN ZINBERG, M.D., Appellant, et al., Defendants. [8 NYS3d 582]—In an action to recover damages for medical malpractice and wrongful death, etc., the defendant Jonathan Zinberg appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated June 12, 2013, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, upon a jury verdict in favor of the plaintiff and against him on the issue of liability, and upon a jury verdict on the issue of damages awarding the plaintiff the principal sum of $500,000 for the decedent's pain and suffering and $200,000 for the plaintiff's loss of consortium, is in favor of the plaintiff and against him in the principal sum of $700,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the evidence adduced at trial was legally sufficient to support the jury's verdict with respect to causation (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *St. Dic v Brooklyn Hosp. Ctr.*, 12 AD3d 661 [2004]). Moreover, the verdict on the issue of liability was not contrary to the weight of the evidence (*see Evans v St. Mary's Hosp. of Brooklyn*, 1 AD3d 314 [2003]; *Romero v Karavidas*, 282 AD2d 665 [2001]).

The amount of damages awarded is primarily a question for the jury, whose determination is entitled to great deference (*see Fryer v Maimonides Med. Ctr.*, 31 AD3d 604, 605 [2006]; *Crockett v Long Beach Med. Ctr.*, 15 AD3d 606, 607 [2005]; *Day v Hospital for Joint Diseases Orthopaedic Inst.*, 11 AD3d 505 [2004]). We find that the amount of damages awarded by the jury for the decedent's pain and suffering and the plaintiff's loss of consortium did not materially deviate from what would be reasonable compensation (*see* CPLR 5501 [c]; *Galandauer v Brookdale Hosp. Med. Ctr.*, 274 AD2d 448 [2000]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.